1

2

3

4

5

6

7

8

9                              IN THE UNITED STATES DISTRICT COURT

10                         FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
                                                      No. C 09-02577 CW
12   UNITED STATES OF AMERICA,
                                                      ORDER DENYING
13             Plaintiff,                             PLAINTIFF'S MOTION
                                                      TO STAY AND MS.
14        v.                                          JAMES'S MOTION TO
                                                      EXPUNGE LIS PENDENS
15   REAL PROPERTY AND IMPROVEMENTS                   (Docket Nos. 14, 16)
     LOCATED AT 1419 CAMELLIA DRIVE, EAST
16   PALO ALTO, CALIFORNIA, ASSESSOR'S
     PARCEL NUMBER 063-412-010,
17
               Defendant.
18
     _____/
19

20        The government moves to stay this civil forfeiture action

21   pursuant to 18 U.S.C. § 981(g)(1).  Monetta James opposes this

22   motion and moves to expunge the notice of lis pendens filed by the

23   government on June 19, 2009.  The government opposes Ms. James's

24   motion.  The matter was heard on September 29, 2009.  Having

25   considered oral argument and all of the papers submitted by the

26   parties, the Court DENIES both the government's motion to stay and

27   Ms. James's motion to expunge the notice of lis pendens.

28

United States District Court
For the Northern District of California

**United States District Court**<br>For the Northern District of California

1                                BACKGROUND

2          On March 4, 2009, a federal grand jury filed an indictment

3    against Lowell Curtis James, Christine Ann James, Desean Gardner

4    and thirty-four other defendants for their alleged participation in

5    a drug trafficking conspiracy.  The indictment included a criminal

6    forfeiture allegation against the property at 1419 Camellia Drive,

7    East Palo Alto, CA, Assessor's Parcel Number 063-412-010.  Based on

8    the indictment, the government filed a notice of lis pendens on the

9    property in March, 2009.  Ms. James filed a motion to expunge this

10   notice of lis pendens on April 14, 2009.  At a May 21, 2009 hearing

11   on the motion before the Honorable Wayne D. Brazil, the government

12   decided that a civil forfeiture action would be more appropriate.

13   Judge Brazil stayed proceedings on Ms. James's motion pending the

14   government's filing of the instant action.  Thereafter, the Court

15   adopted Judge Brazil's recommendation that Ms. James's motion be

16   dismissed without prejudice on the condition that the government

17   diligently prosecuted the instant civil forfeiture action.  United

18   States v. Gardner, et al., No. 09-0203 (N.D. Cal.) (Jul. 24, 2009

19   order adopting report and recommendation re: motion to expunge lis

20   pendens).

21         On June 10, 2009, the government filed the instant civil

22   forfeiture complaint under 21 U.S.C. § 881(a)(7).  The government

23   filed a notice of lis pendens on June 19, 2009.  In support of its

24   complaint, the government alleges that the above-mentioned criminal

25   defendants used the property during their alleged conspiracy.

26   Specifically, the complaint states that Desean Gardner conducted

27   drug sales on or in the vicinity of the property between March 18,

28   2008 and December 3, 2008.  The complaint also states that on

                                      2

**United States District Court**
For the Northern District of California

1  January 7, 2009, Desean Gardner stopped at the property to obtain

2  drugs for later sale.  Because of the common issues, the Court

3  related this case to the underlying criminal case.  (Docket No.

4  13.)

5       On June 30, 2009, Ms. James claimed an interest in the

6  property and filed an answer to the civil forfeiture complaint.

7  (Docket Nos. 7-8.)  On September 3, 2009, she filed, pursuant to

8  state law, a motion to expunge the civil <u>lis pendens</u>.  (Docket No.

9  16.)

10                             DISCUSSION

11  I.   Motion to Stay

12       In opposing the government's motion to stay, Ms. James

13  suggests that she will assert an innocent owner defense in this

14  action.  <u>See</u> Opp'n at 15; Reply at 6; James Decl. at 3-5.  To

15  assert this defense, Ms. James must show by a preponderance of the

16  evidence that

17          she did not know of the conduct giving rise to
            forfeiture or;

18

19          upon learning of the conduct giving rise to the
            forfeiture, did all that reasonably could be
            expected under the circumstances to terminate

20          such use of the property.

21  <u>Id.</u> at § 983(d)(2)(A)(i)-(ii).  The government moves to stay this

22  case because it asserts that any discovery here will prejudice its

23  ability to prosecute the <u>Gardner</u> case.

24       "Upon the motion of the United States, the court shall stay

25  the civil forfeiture proceeding if the court determines that civil

26  discovery will adversely affect . . . the prosecution of a related

27  criminal case."  18 U.S.C. § 981(g)(1).  To determine whether a

28  criminal case is related to the civil proceeding, "the court shall

**United States District Court**
For the Northern District of California

1 consider the degree of similarity between the parties, witnesses,

2 facts, and circumstances involved in the two proceedings, without

3 requiring an identity with respect to any one or more factors."

4 Id. § 981(g)(4).  The related criminal case must also be in

5 progress at the time a stay is requested.  Id.

6      A stay may be unnecessary "if a protective order limiting

7 discovery would protect the interest of one party without unfairly

8 limiting the ability of the opposing party to pursue the civil

9 case."  Id. § 981(g)(3).  This alternative is unavailable, however,

10 "if the effect of such [a] protective order would be to allow one

11 party to pursue discovery while the other party is substantially

12 unable to do so."  Id.

13      At this stage, the government does not show the necessity of

14 staying this case.  To support its motion, the government asserts

15 that the factual allegations underlying both cases are "nearly

16 identical," and notes that the Court related the two cases.  It

17 further asserts that it "may need to depose" various witnesses to

18 develop its affirmative case.  Showing similarities between the

19 cases and predicting what type of discovery may occur, however, is

20 insufficient.  Such a result would undercut Congress's intent to

21 provide an innocent owner defense, which Ms. James asserts here,

22 and to create "a more just . . . procedure for Federal civil

23 forfeitures" under the Civil Asset Forfeiture Reform Act of 2000.

24 Pub. L. No. 106-185, 114 Stat. 202.  In the event that civil

25 discovery is propounded that would intrude upon the government's

26 criminal case, the government can move for a protective order or

27 renew its motion to stay.

28      The government cites United States v. $247,052.54, 2007 WL

**United States District Court**
For the Northern District of California

1   2009799 (N.D. Cal.).  However, $247,052.54 is distinguishable.

2   There, the court denied a criminal defendant-claimant's motion to

3   lift an existing stay on a civil forfeiture case.  Id. at *1.  The

4   criminal and civil cases had factual allegations of drug sales and

5   distribution in common, and, as here, the government claimed that

6   it would have to prove the same facts in the civil case as it would

7   in the criminal case.  Id. at *2.  But unlike the claimant in

8   $247,052.54, Ms. James is not a defendant in the criminal action.

9   The $247,052.54 court was primarily concerned with the criminal

10  defendant-claimant deposing government witnesses in the forfeiture

11  action in advance of the criminal trial, giving the defendant-

12  claimant insight into the government's criminal trial strategy.

13  Id.  Although Ms. James's son and daughter-in-law are defendants in

14  the criminal trial, an appropriate protective order can be obtained

15  if necessary.

16      The government claims that a protective order would be

17  insufficient.  However, its arguments rest upon speculation as to

18  what depositions may be noticed.  Until discovery is sought, the

19  Court cannot determine whether a protective order would be

20  insufficient.

21      The government also argues that it will not be able to

22  complete its discovery while the criminal case is pending because

23  the criminal defendants would assert their Fifth Amendment rights.

24  While this is true, it does not mean that some discovery and motion

25  practice could not proceed in the interim.  Accordingly, the Court

26  denies the government's motion to stay.

27  II.  Motion to Expunge Notice of Lis Pendens

28      Ms. James moves to expunge the notice of lis pendens, claiming

5

**United States District Court**
For the Northern District of California

1 that the government cannot establish a real property claim; the

2 claim lacks probable validity; notice has not been properly served,

3 filed or recorded; and there is a denial of due process.[1]   In the

4 alternative, Ms. James requests an undertaking of $250,000 for the

5 government to maintain the notice.  Ms. James also seeks $3,150 in

6 attorneys' fees, in the event she prevails on this motion.

7        Ms. James appears to assert that <u>lis pendens</u> is improper

8 because a forfeiture action does not constitute a "real property

9 claim."  <u>See</u> James's Mem. of P&A 9-11.  However, California Penal

10 Code § 186.4 requires a prosecuting agency to file a <u>lis pendens</u>

11 notice in criminal forfeiture actions, thereby implying that a

12 forfeiture claim suffices as real property claim.  The Court

13 accordingly finds the government's complaint to assert a sufficient

14 property claim.

15        Under California law, a notice of <u>lis pendens</u> is filed "to

16 give constructive notice of an action affecting real property to

17 persons who subsequently acquire an interest in that property, so

18 that the judgment in the action will be binding on such persons

19 even if they acquire their interest before the judgment is actually

20 rendered."  <u>Bishop Creek Lodge v. Scira</u>, 46 Cal. App. 4th 1721,

21 1733 (1996).  This notice clouds title, "effectively preventing

22 sale or encumbrance until the litigation is resolved or the lis

23 pendens is expunged."  <u>Amalgamated Bank v. Superior Court</u>, 149 Cal.

24 App. 4th 1003, 1011 (2007).  Such notice is filed by the claimant

25

26       [1] The Court asserts supplemental jurisdiction over the state
law motion because it is transactionally related to the
government's federal forfeiture action.  <u>See</u> 28 U.S.C. § 1367;

27 <u>Adams v. United States</u>, 2008 WL 5114483, *7 (E.D. Cal.) ("[A]ny
jurisdiction to consider [the] . . . motion to expunge would

28 necessarily arise out of 28 U.S.C. § 1367 . . . .").

United States District Court
For the Northern District of California

1  pursuing the action.  Cal. Civ. Proc. Code § 405.1.  Here, the

2  government is the claimant for the purposes of the expungement

3  statutes because it filed the civil forfeiture action.

4       After the notice is filed, a party with an interest in the

5  real property can file a motion to expunge.  Id. § 405.30.  The

6  notice must be expunged "if the court finds that the claimant has

7  not established by a preponderance of the evidence the probable

8  validity of the real property claim."  Id. § 405.32.  "Probable

9  validity" exists when "it is more likely than not that the claimant

10 will obtain a judgment . . . on the claim."  Id. § 405.3.  The

11 burden of proof falls on a claimant to show probable validity.  Id.

12 § 405.30.  A court's probable validity determination requires "a

13 judicial determination of the merits."  Amalgamated Bank, 149 Cal.

14 App. 4th at 1012.  A court shall award reasonable attorneys' fees

15 to the party prevailing on an expungement motion, unless it finds

16 that "the other party acted with substantial justification or that

17 other circumstances make the imposition of attorney's fees and

18 costs unjust."  Cal. Civ. Proc. Code § 405.38.

19      The government incorrectly characterizes Ms. James's motion to

20 expunge the lis pendens as a motion to dismiss the forfeiture

21 action under Federal Rule of Civil Procedure 12.  See Opp'n to Mot.

22 to Expunge at 1.  The government asserts that Ms. James failed to

23 identify federal authority supporting her motion.  However, a

24 notice of lis pendens is filed in a county records office pursuant

25 to state law.  Thus, California law applies when analyzing the

26 government's lis pendens claim.  See, e.g., Orange County v.

27 Hongkong & Shanghai Banking Corp., 52 F.3d 821, 823-24 (9th Cir.

28 1995) (applying California lis pendens standard); Oliver v. NDEX

7

West, LLC, 2009 WL 2486314 (E.D. Cal.); Ritchie v. Cmty. Lending

Corp., 2009 WL 2486575 (C.D. Cal.); see also Cal. Civ. Proc. Code

§ 405.5.  The government must show that it meets the "probable

validity" standard under California law.

The government satisfies the California standard.  The

verified complaint contains allegations regarding criminal activity

at the property.  These allegations arise out of the criminal

indictment and are verified by an FBI agent.  Thus, the government

establishes that its civil forfeiture claim has probable validity.

The lis pendens notice shall not be expunged and attorneys' fees

are not warranted.

Ms. James alternatively requests that the Court require the

government to provide an undertaking as a condition of maintaining

the lis pendens.  See Cal. Civ. Proc. Code § 405.34.  This request

is denied.

III. Evidentiary Objections

Ms. James makes evidentiary objections to paragraphs eight

through twenty-two of the government's civil forfeiture complaint

submitted in support of its lis pendens notice.  As stated above,

these are factual allegations verified by an FBI agent.  Verified

allegations can serve as evidence.  See Johnson v. Meltzer, 134

F.3d 1393, 1399-1400 (9th Cir. 1998).  The Court therefore

OVERRULES Ms. James's objections.

United States District Court
For the Northern District of California

8

**United States District Court**
For the Northern District of California

CONCLUSION

For the foregoing reasons, the Court DENIES the government's Motion to Stay.  (Docket No. 14)  If the government finds that civil discovery necessitates a protective order, it may move for one when such discovery is propounded.  The Court DENIES Ms. James's Motion to Expunge <u>Lis Pendens</u> and alternative request for the government to provide a bond (Docket No. 16).

IT IS SO ORDERED.

Dated: 10/13/2009

_____

CLAUDIA WILKEN
United States District Judge

9